# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BRIAN RUSSELL LOCKE,**
        Petitioner,

     v.                            Case No. 11-CV-00364

**MICHAEL BAENAN, Warden,**
**Green Bay Correctional Institution,**
        Respondent.

---

## DECISION AND ORDER

On April 15, 2011, petitioner Brian Locke filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently confined at Green Bay Correctional Institution. I screened the petition under Rule 4 of the Rules Governing § 2254 and found that petitioner had stated colorable claims under the Constitution. Petitioner now brings several motions.

Petitioner's first motion is a motion to appoint counsel. Although civil litigants do not have a constitutional or statutory right to counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983). In deciding whether to appoint counsel, the court must first determine whether the litigant has attempted to retain counsel himself. Jackson v. County of McLean, 953 F.2d 1070, 1072–73 (7th Cir. 1992). If a litigant has made no effort to

secure counsel, the motion must ordinarily be denied outright. Id. In this case, petitioner does not present any evidence that he has contacted attorneys about representing him. Therefore, his request for court-appointed counsel is premature, and I will deny the motion without prejudice.

Petitioner has also brought a motion to stay the scheduling order. Petitioner asks for more time to file his brief in support of his habeas corpus petition for two reasons. First, he claims that respondent is preventing him from filing documents with the court. The only evidence he offers to support this claim is a letter in which respondent refuses to grant a legal loan to petitioner to help pay for copying and mailing expenses associated with this petition. Petitioner has a fundamental right of access to the courts, but he does not have a right to subsidized access. Johnson v. Daley, 339 F.3d 582, 586 (7th Cir. 2003). Respondent's denial of a legal loan request does not prevent petitioner from using his own money to prepare and file documents with this court.

Second, petitioner states that he cannot file a proper brief in support of his petition because he has not received a complete copy of respondent's answer. Respondent submitted a certificate of service verifying that it mailed petitioner a copy of its answer via the United States Postal Service on September 21, 2011, but petitioner claims he only received the first 5 pages. Therefore, in order to ensure that petitioner has a complete copy of the briefs in this case, the clerk's office has sent an additional copy of respondent's answer to petitioner. Since petitioner did not receive the first copy of respondent's answer, I will give him extra time to file his brief in support of his petition. On October 14, 2011, petitioner filed his brief under protest. I will give him until November 30, 2011 to file an amended copy of this brief, if he would like to do so. As per my original scheduling order,

2

respondent shall have forty-five (45) days following the filing of petitioner's amended brief within which to file a brief in opposition. If petitioner elects not to file an amended brief, respondent shall have forty-five (45) days after November 30, 2011. Petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

I am also denying petitioner's motion for leave to file excess pages. Under Civil L. R. 7 (E.D. Wis.), petitioner's brief in support of his habeas corpus petition can be no longer than thirty (30) pages (excluding any caption, cover page, table of contents, table of authorities, and signature block).

**THEREFORE, IT IS ORDERED** that petitioner's motion for appointment of counsel [Docket #21] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner's motion to stay the scheduling order [Docket #20] is **GRANTED IN PART**. Petitioner shall have until November 30, 2011 to file an amended brief in support of his petition. The respondent shall have forty-five (45) days following the filing of petitioner's amended brief within which to file a brief in opposition.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file excess pages [Docket #22] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of October 2011.

s/_____
LYNN ADELMAN
District Judge