# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN RUSSELL LOCKE,
        Petitioner,

v.                                       Case No. 11-CV-00364

MICHAEL BAENAN, Warden,
Green Bay Correctional Institution,
        Respondent.

## DECISION AND ORDER

Pro se petitioner Brian Locke filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that his state court conviction and sentence were imposed in violation of the Constitution. He has multiple convictions, but challenges only his 2005 conviction for assault by a prisoner under Wis. Stat. § 946.43(1m)(a). He was convicted in the Dodge County Circuit Court after he entered an *Alford* plea and sentenced to 5 years imprisonment to be followed by 5 years extended supervision. He is currently incarcerated at Green Bay Correctional Institution. On October 17, 2012, I denied the petition. Before me now is petitioner's motion for reconsideration under Fed. R. Civ. P. 59(e), and his motion to proceed *in forma pauperis* on appeal.

I may grant a motion for reconsideration based on newly discovered evidence or to correct a manifest error of law or fact. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Petitioner does not present any new evidence. He simply reiterates arguments already considered by this court. Therefore, I will deny the motion for reconsideration for

the reasons already stated in my earlier ruling. I will, however, take this opportunity to clarify two points that I did not specifically address before.

First, the fact that there was a miscommunication between petitioner and his attorney about the type of plea he wished to enter does not prove his plea was invalid as a result of ineffective assistance of counsel. At the plea hearing, petitioner's attorney informed the court petitioner would be entering a plea of no contest, but petitioner told the judge he wished to enter a plea while maintaining his innocence. The judge explained to him this was an *Alford* plea, not a no contest plea. *See N.C. v. Alford*, 400 U.S. 25, 37–38 (1970). The judge then walked him through the elements of the crime of assault by a prisoner. Petitioner said he admitted all of the elements of the crime but denied having the requisite intent to commit an assault. Nonetheless, he told the court he wanted to plead guilty to avoid putting the victim through any more heartache and so he could move forward himself. Petitioner claims the confusion over the type of plea proves his attorney did not spend enough time discussing his plea with him before the hearing. However, he testified at the hearing on the motion to withdraw his plea that his attorney had discussed the elements of the crime with him at an earlier meeting at the prison, including the element of intent. He also stated that his attorney had given him the guilty plea questionnaire and that he understood the effect of a guilty plea because he had been through the plea process several times before. Thus, it was reasonable for the state court to conclude that petitioner was properly advised by his attorney.

Second, whether petitioner saw the pre-sentence investigation report (the "PSI") before or after he filed his motion to withdraw his plea is irrelevant to his habeas petition.

To prove he has a constitutional right to withdraw his plea, petitioner must prove that his plea was entered involuntarily or unknowingly because his attorney gave him objectively unreasonable advice prior to the plea hearing. *See Strickland v. Wash.*, 466 U.S. 668, 687–88 (1984). The PSI was drafted by the Wisconsin Department of Corrections after the plea hearing. Therefore, whether petitioner received it before or after he moved to withdraw his plea has nothing to do with whether he received effective assistance of counsel. The only reason the state court discussed the timing of the PSI and other events after the plea hearing is because Wisconsin law is more lenient than federal law. Wisconsin law allows a defendant to withdraw even a knowing and voluntary plea prior to sentencing if there is a "fair and just" reason for the defendant's change of heart. *State v. Garcia*, 192 Wis. 2d 845, 861–62 (1995). The state court found that petitioner's plea was entered voluntarily, but that he had a change of heart when he saw the PSI was recommending the maximum sentence. The court then concluded that this was not a sufficient reason for allowing him to withdraw a voluntary plea.

Although I am denying petitioner's motion for reconsideration, I will grant his request for leave to proceed in forma pauperis on appeal. Petitioner has requested to proceed in forma pauperis so he may avoid paying the appellate filing fee of $455. 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S.

3

438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446, *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988). In this case, it appears that petitioner's arguments are not so baseless that they would be dismissed as frivolous without further consideration. I have also reviewed his prisoner trust account statement and find that he is unable to pay the required appellate filing fee.

**THEREFORE, IT IS ORDERED** that petitioner's motion for reconsideration [DOCKET #67] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to appeal in forma pauperis [DOCKET #78] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 28th day of January 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge